**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SIMEON PAULINO,** | : | **CIVIL ACTION NO. 1:06-CV-0616** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT,** | : | |
| Respondent | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) and a supplement (Doc. 5) filed by petitioner, Simeon Paulino ("Paulino"), an inmate confined at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania. The petition involves a challenge to a disciplinary proceeding. For the reasons that follow, the petition will be denied.

### I. Statement of Facts

On September 1, 2005, during a routine cell shakedown, a 7 ¾ inch shank, or a homemade knife, was discovered inside the desk light fixture of the cell occupied by Paulino and another inmate. (Doc. 9, Ex. 1, Att. B). Paulino was charged with "possession, manufacture, or introduction of a weapon" in violation of Section 104 of the Bureau of Prisons ("BOP") disciplinary code. (Id.). On September 7, 2005, the Unit Disciplinary Committee ("UDC") reviewed the matter and referred it to the disciplinary hearing officer ("DHO") for further hearing. (Id.).

A hearing was held on September 26, 2005, at which time, Paulino indicated he understood his rights. He waived staff representation and chose not to present witness testimony. (Id. at Att. C, p. 1). No procedural irregularities were cited and no documentary evidence was presented by Paulino. However, he provided the following statement: "I've been in the cell for about eight months. It's not mine and I have never had any problems with anyone. Someone must have put it in our cell. I understand we are responsible for everything in our cells, but it's not mine." (Id.).

The evidence relied upon by the DHO included the incident report and a photograph which clearly depicted the homemade weapon described in the incident report. "The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information. Inmates are responsible for the contents of their cell. The area in which the weapon was hidden had to take time to be accessed. The weapon was recently manufactured and was not rusted and recently sharpened. Both inmates occupied the cell for nearly a year which gives both inmates equal responsibility for the weapon." (Id.).

After consideration of the evidence, the DHO concluded that the "greater weight of the evidence/some facts" supported the finding that Paulino committed the prohibited act. (Id. at p. 2). Based upon the threat to the safety of both staff and inmates, the DHO sanctioned Paulino with disciplinary segregation, loss of good

conduct time, forfeiture of non-vested good conduct time, and loss of phone and visiting privileges. (Id. at p.. 3).

Paulino filed the present petition challenging the sufficiency of the evidence relied on by the DHO and the severity of the imposed sanctions. (Doc. 5 pp. 11-13).

## II.    Discussion

The Bureau of Prisons' ("BOP") disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541.10 through 541.23. These regulations dictate the manner in which disciplinary action may be taken when a prisoner violates, or attempts to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.14. Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a DHO for a hearing. 28 C.F.R. § 541.15. Because Paulino was charged with an offense in the greatest severity category, the matter was referred for a disciplinary hearing.

Greatest severity category offenses carry a possible sanction of loss of good conduct time credits, *inter alia*. 28 C.F.R. § 541.13. When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive: 1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) an opportunity to call witnesses and

3

present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and 3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action.  See Wolff v. McDonnell, 418 U.S. 539, 564 (1974).  The record reflects that the BOP complied with these procedural requirements.

Paulino, however, contests the sufficiency of the evidence relied upon in finding him guilty.  (Doc. 5, pp. 11-12).  The DHO's decision is required to be supported by some evidence in the record.  See Superintendent v. Hill, 472 U.S. 445, 454 (1985); see also Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying Hill standard to federal prisoner due process challenges to prison disciplinary proceedings).  The standard is met if there was a modicum of evidence from which the conclusion of the tribunal could be deduced.  See Hill, 472 U.S. at 455.  Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant question is whether any evidence in the record that could support the DHO's conclusion.  See id.

Paulino contends that the DHO failed to view videotapes to ascertain whether "strange" and "suspicious" individuals other than him had access to his cell on the day in question.   (Doc. 5, pp. 11-12).  He alternatively argues that the reporting officer, who was under investigation for planting evidence, planted the knife in his cell.  (Doc. 5, p. 11).  It is his contention that the DHO did not have "full evidence" when he made his decision.  Significantly, there is nothing in the record

that suggests that Paulino requested that videotapes be produced and viewed by the DHO. Nor is there any indication that he brought to the DHO's attention either his concerns of strange or suspicious individuals on the unit, or his suspicions about the reporting officer. Conversely, he simply stated "[s]omeone must have put it in our cell. I understand we are responsible for everything in our cells, but it's not mine." (Doc. 9, Ex. 1, Att. C, p. 1).

In considering the evidence, as recited in the statement of facts section, *supra*, the court finds that there was "some evidence" to support the disciplinary hearing officer's decision. In doing so, the court notes that, "[a]scertaining whether [the] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence." Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. Hill, 472 U.S. at 455-56. Thus, the petition will be denied with respect to Paulino's claim that there was insufficient evidence to support the DHO's decision.

Paulino also challenges the severity of the sanctions imposed by the DHO. The sanctions that may be imposed upon a finding of guilt of a "Greatest Category" offense include, *inter alia*, forfeiting earned statutory good conduct time or up to 100% of non-vested good conduct time, up to sixty days disciplinary segregation, and loss of privileges. 28 C.F.R. §541.13. He is not entitled to relief on this ground because the sanctions imposed upon him were within the limits prescribed in this regulation.

**III.** **Conclusion**

For the above stated reasons, the petition for writ of habeas corpus will be denied.  An appropriate order will issue.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        September 27, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SIMEON PAULINO,** | : | **CIVIL ACTION NO. 1:06-CV-0616** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **RONNIE HOLT**, | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 26th day of September, 2006, upon consideration of the petition for writ of habeas corpus (Docs. 1, 5), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Docs. 1, 5) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge